UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS G. FRANKS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Cause No. 1:23-CV-232-HAB |
| | ) |
| LEAR CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff believes that Defendant discriminated against him after noticing his less-than-perfect gait. Defendant disagrees and has moved to dismiss the case. (ECF No. 11). The time for briefing on the motion has passed, making the motion ripe for ruling.

**I.  Well-Pleaded Facts**

Plaintiff alleges that he was hired to work for Defendant through a temp agency. During Plaintiff's walkthrough, someone associated with Defendant noticed that Plaintiff's "walk was not 100%." Plaintiff concedes that his walk is not perfect—he estimates it's "90%." That afternoon Defendant called the temp agency and said that they did not want to hire Plaintiff.

Plaintiff believed that the refusal to hire him was due to his gait. So, he threatened Defendant with a discrimination suit. In response, Defendant called the temp agency and said it would hire Plaintiff directly. Plaintiff had taken another job, so he declined. In any event, Plaintiff believed that the job offer was just "to shut [him] up by finding a reason to then fire" him.

**II.     Legal Discussion**

**A.     *Motion to Dismiss Standard***

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.     *Plaintiff Pleads a Viable, if Limited, Discrimination Claim***

The Court agrees with Defendant that Plaintiff's claim appears to be one under the ADA. The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures [and] hiring. . . ." 42 U.S.C. § 12112(a). To prove a violation of § 12112(a), a plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by his disability. *See Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 286–

87 (7th Cir. 2015). To establish causation at this stage, Plaintiff must plead sufficient facts supporting an inference that Defendant discriminated against him "on the basis of disability." § 12112(a). Accordingly, Plaintiff must sufficiently allege that Defendant would have hired him "but for" his disability. *Arroyo*, 805 F.3d at 287.

Defendant argues that Plaintiff's allegations, specifically that his walk is "90%," establishes that he is not disabled. But, as Defendant recognizes, the disability prong of an ADA claim can be satisfied by showing that Plaintiff was "regarded as" having a qualifying impairment. § 12102(1)(C). "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." § 12102(3)(A). Showing that an individual is regarded as disabled "does not require a showing of an impairment that substantially limits a major life activity or a record of such an impairment." 29 C.F.R. § 1630.2(g)(3).

Defendant calls Plaintiff's allegations on this point "overly vague," but the Court disagrees. A reasonable interpretation of Plaintiff's complaint is that Defendant's representative believed that Plaintiff could not perform the required job tasks, whatever those were, because of his impaired gait and decided not to hire him. That Plaintiff believes his walk is "90%" is irrelevant to how Defendant regarded Plaintiff's abilities. Plaintiff has pleaded enough to suggest that Defendant would have hired him but for its perception of his disability.

Defendant notes that it did, eventually, offer to hire Plaintiff. But Defendant points to no authority holding that a subsequent offer of employment defeats a discrimination claim based on a prior refusal to hire. The Court can find none. Rather, it seems to the Court that this is a damages

argument—Plaintiff would only be able to recover for the period between the initial refusal to hire and the later offer of employment. *See Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 234 (1982) (employer can limit back pay by making an unconditional offer of the job originally sought).

The Court has no idea how much time lapsed between the initial refusal to hire and the later offer of employment. It may be so short that Plaintiff's damages, at least for back pay, are nominal. But at this stage Plaintiff has pleaded enough to proceed on his claim. Defendant's motion to dismiss Plaintiff's ADA failure to hire claim is DENIED.

**C.**     ***Plaintiff has Failed to Plead a Retaliation Claim***

The Court also agrees with Defendant that Plaintiff's complaint could be read to allege an ADA retaliation claim. To state a claim for retaliation under the ADA, Plaintiff must allege: 1) that he engaged in a statutorily protected activity; 2) that he suffered an adverse employment action; and 3) that there was a causal link between the protected activity and the employer's action. *See McClendon v. Ind. Sugars, Inc*., 108 F.3d 789, 796 (7th Cir. 1997).

On this claim, Plaintiff has pleaded himself out of court. Rather than plead that his threats of a discrimination suit were met with an adverse employment action, he alleges that Defendant responded by offering to hire him directly. Generally, an offer to hire directly would be a significantly better offer than one to hire through a temp agency. And though Plaintiff speculates that this offer was just laying the grounds for a future firing, a retaliation claim must be based on facts, not speculative theories. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 643 (7th Cir. 2004). Plaintiff has failed to plead an adverse employment action, dooming his claim for ADA retaliation.

**III.     Conclusion**

Defendant's motion to dismiss (ECF No. 11) is GRANTED as to Plaintiff's ADA retaliation claim. The motion is DENIED in all other respects.

SO ORDERED on October 3, 2023.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT