UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

THOMAS G FRANKS JR.,

    Plaintiff,

    v.

LEAR CORPORATION, SAMANTHA JONES,

    Defendants.

Case No. 1:23-CV-232-CCB

## OPINION AND ORDER

Plaintiff Thomas Franks, proceeding *pro se*, alleges that he was hired by Adecco, a temp agency, to work for Defendant Lear Corporation ("Lear") (ECF 1 at 2). During a walkthrough, Franks alleges that Lear noticed Franks' "walk was not 100%[.]" (*Id.*) Lear allegedly called Samantha, an Adecco employee, and said that Lear did not want to hire Franks. (*Id.*) Franks then alleges he threatened to sue Lear, and so Lear called Adecco and said it would hire Franks directly. (*Id.*) By that time, Franks alleges he had already taken another job, and that he believes Lear's job offer was just to "shut [him] up by finding a reason to then fire" him. (*Id.*) Franks then sued Lear and Samantha Jones of Adecco, and asserted claims for failure to hire and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. The Court, under a previous presider, granted Lear's motion to dismiss in part and dismissed Franks' retaliation claim against Lear. (ECF 17 at 5). The only claim that remains against Lear is Frank's failure-to-hire claim under the ADA. (*Id*).

On September 17, 2024, Lear filed its Motion for Summary Judgment. (ECF 45). Lear argues that dismissal of the failure-to-hire claim is proper because Franks failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or equivalent state agency prior to commencing this lawsuit as required under the ADA. In compliance with Local Rule 56-1, Lear also filed and served a Notice to Plaintiff Thomas G. Franks, Jr. of Summary Judgment Motion (ECF 49) informing Franks that Lear moved for summary judgment, that Franks has a right to respond, and that Franks may lose the case if he fails to respond. (ECF 49). On the same day that Lear filed its motion for summary judgment, Franks filed a letter stating that he has his "documents prepared for court" and requesting certain documents from Adecco. (ECF 50).

On October 9, 2024, the magistrate judge held a telephonic status conference. (ECF 52). At the conference, Franks was ordered to respond to the pending summary judgment motion by October 18, 2024. (ECF 52). On October 16, 2024, Franks filed a letter stating that he has "presented the facts & truth and I only ask for the courts to do whats [sic] right and that's make their judgment in my favor[.]" (ECF 53). Franks did not file any evidence in support of his response. On October 25, 2024, Lear filed a reply in support of its motion for summary judgment, arguing that at the October 9, 2024 status conference, Franks purportedly admitted that he did not bring a charge of discrimination before commencing this lawsuit. (ECF 55). Lear's motion for summary judgment is now ripe for ruling.

## STANDARD

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir. 2003).

Yet to overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex*, 477 U.S. at 322–23; *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). When a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In other words, "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a

3

party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

**ANALYSIS**

Under the ADA, a party alleging discrimination in a deferral state such as Indiana must first file a charge of discrimination with the EEOC or equivalent state agency within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001); *Muckenfuss v. Tyson Fresh Meats, Inc.*, 581 F. Supp. 3d 1114, 1119 (N.D. Ind. 2022). The 300-day clock "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows [he] has been injured." *Sharp*, 236 F.3d at 372. An untimely claim is barred. *Id.*

Franks filed his complaint on June 7, 2023. (ECF 1). In his complaint, Franks does not allege when the purported discriminatory conduct occurred or when Franks knew he had been injured. Assuming Lear's alleged conduct and Frank's knowledge of his injury occurred on the same date he filed the complaint on June 7, 2023, the 300-day limitations period then ended on April 2, 2024. Franks does not contend that the 300-day statute of limitations period was tolled.

In support of its motion, Lear presents evidence that Franks did not file the requisite charge of discrimination by April 2, 2024. On August 6, 2024, Lear filed and served Requests for Admission asking Franks to admit he never filed a charge of

4

discrimination with the EEOC, or with a state or local agency. (ECF 44-1 at 2). Under Fed. R. Civ. P. 36(a)(3), a matter is admitted unless, within 30 days after being served or as otherwise stipulated, the party to whom the request is directed serves a signed written answer or objection. Fed. R. Civ. P. 36(a)(3). Lear presents an email from Lear to Franks dated August 15, 2024 informing Franks that the deadline for Franks to respond to its written discovery is September 9, 2024. (ECF 48-2 at 10). That same day, Franks responded to Lear's email and stated that "[f]iling with EEOC did not cross my mind[.] I knew about them but you only have [] 60 days to file." (*Id*.) Lear then presents a declaration from Lear's counsel dated September 17, 2024 affirming that Franks never responded to Lear's Request for Admission. (ECF 48-2 at 3). Thus, pursuant to Rule 36(a)(3), Lear's requests are deemed admitted. In further support of its motion, Lear presents a letter from the EEOC's Indianapolis District Office dated July 1, 2024. (ECF 48-2 at 5-8). The letter states that it searched all agency records created as of June 3, 2024, and that no records were located under the party names. (*Id*. at 8).

Franks has presented no evidence that creates a genuine dispute of material fact as to whether Franks filed a charge of discrimination within the 300-day limitations period as required under the ADA. Accordingly, Franks' failure-to-hire ADA claim against Lear is barred, and Lear is entitled to judgment as a matter of law on Franks' failure-to-hire claim.[1]

---

[1] In Lear's reply in support of its motion for summary judgment, it also argues that Franks admitted to the Court at the October 9, 2024 status conference that he did not file a charge of discrimination. (ECF 55 at 1). But after Franks made his purported admission, the Court responded, "Okay. We don't have to talk about it now. But that's what you have to put in your -- what you say here in court, isn't going to be part of your summary judgment answer or a response." (ECF 54 at 7). Since Lear has presented evidence that

5

Finally, the docket shows that Samantha Jones of Adecco is a defendant in this case, that she was served on July 14, 2023, and that her answer was due August 4, 2023. (ECF 8). Jones did not file an answer by that date, and no attorney has entered an appearance on her behalf. Discovery closed on December 6, 2024. The dispositive motion deadline was January 31, 2025, and no motions in connection with Franks' claims against Jones have been filed. Franks is therefore ordered to file a status report by August 12, 2025 as his remaining claims against Jones.

## CONCLUSION

For the foregoing reasons, Lear's motion for summary judgment (ECF 45) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant Lear Corporation on Franks' remaining claim.

Plaintiff Thomas Franks is also **ORDERED** to file a status report as to his claims against Defendant Samantha Jones of Adecco by **August 12, 2025**. Failure to comply with this deadline could subject this case to dismissal under Rule 41 for failure to prosecute.  Fed. R. Civ. P. 41(b); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

SO ORDERED on July 29, 2025.

                                                               /s/*Cristal C. Brisco*
                                                               CRISTAL C. BRISCO, JUDGE
                                                               UNITED STATES DISTRICT COURT

---

Franks did not file the requisite charge, and Franks has presented no evidence to create a genuine issue of material fact, the Court does not need to rely on Frank's purported admission at the status conference in ruling on Lear's motion for summary judgment.